**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────

**ADEILSON DOS REIS,**

                      **Plaintiff,**            **04 Civ. 5160 (SCR)**

      **v.**                              **MEMORANDUM DECISION**
                                                **AND ORDER**

**VANNATTA REALTY,**

                      **Defendant.**

───────────────────────────────

**STEPHEN C. ROBINSON, United States District Judge:**


       Plaintiff Adeilson Dos Reis, a citizen of Brazil, brought this suit under New York Labor Law, against Defendant Vannatta Realty, a citizen of Pennsylvania.  Plaintiff alleges he was injured while working on a property owned by Defendant, and brings suit under New York Labor Law §§ 200, 240(1), 241(6) and common law negligence.  The parties cross-move for summary judgment, and plaintiff moves for supplemental discovery.  For the reasons stated below, the parties' motions are granted in part and denied in part.

## I.  Factual Background

       The relevant facts are straightforward.  On February 18, 2004, plaintiff, an illegal immigrant, was working on the sloped roof of a two-story structure owned by defendant.  Plaintiff, along with his brother, had installed water-proof tar paper on the roof.  Plaintiff's brother tripped on the tar paper and fell towards Plaintiff.  Plaintiff caught his brother, stopping the fall.  Thereafter, plaintiff attempted to stand, at which time he slipped on the paper himself and fell off the roof to the ground below.  Plaintiff alleges severe injuries, primarily to his hip.

       Plaintiff further states that at the time of the incident, Defendant had not installed safety equipment required by New York law.  There were no other witnesses to the accident that day, and defendant alleges that it did not even find out about the accident until approximately a week later when it was investigating why the work on the roof had not been completed.

**II.  Analysis**

**A.  Summary Judgment Standard**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact[.]"  Fed. R. Civ. P. 56(c).  Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Id*.

The initial burden falls on the moving party who is required to "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, the burden shifts to the party opposing summary judgment to set forth "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The non-moving party "may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that 'its version of the events is not wholly fanciful.'" *Morris v. Lindau*, 196 F.3d 102, 109 (2d Cir. 1999) (quoting *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998)).

**B.  New York Labor Law §240(1)**

Plaintiff moves for summary judgment on his N.Y. Labor Law §240(1) claim. That statute, otherwise known as the "Scaffolding Law", provides that:

> "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

N.Y. Labor Law §240(1).

The requirements of § 240(1) are non-delegable, and contractors and owners are absolutely liable for injuries caused by their violations.  *Affordable Hous. Found. v. Silva*, 469 F.3d 219, 224 (2d Cir. 2006).  Plaintiff and his brother testified that they were provided with no safety devices on the day in question.  This constitutes the only evidence in the record with regards to whether plaintiff was provided with an appropriate safety device pursuant to § 240(1).  Defendant's opposition to summary judgment consists almost entirely of speculation that plaintiff might be lying, and therefore his credibility is at issue.  This speculation is based on the fact that plaintiff is an illegal immigrant who lied on employment documents, and also on an argument that plaintiff provided incorrect testimony at his deposition.  However, defendant provides no evidence

that plaintiff is lying with respect to whether or not the appropriate safety devices were provided to him at the time of the accident.  Nor does defendant provide any evidence that plaintiff was in fact provided with the appropriate safety device at the time of the accident other than evidence that plaintiff was provided with the appropriate safety device at another construction site, on another day.  While summary judgment is only appropriate where there are no material facts in dispute, defendant may not rely on mere speculation in order to create a disputed issue of fact. *Morris*, 196 F.3d at 109 (non-moving party "may not rely simply on conclusory allegations or speculation to avoid summary judgment").  Accordingly, plaintiff's motion for summary judgment on plaintiff's N.Y. Labor Law § 240(1) claim is granted.

## C.  New York Labor Law § 241(6)

Defendant's motion for summary judgment on Plaintiff's claim under N.Y. Labor Law § 241(6) is denied.

N.Y. Labor Law § 241(6) provides that:

"All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work…shall comply with the following requirements…that [a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places."

Section 241(6) provides liability for the violation of specific safety regulations. *Ross v. Curtis-Palmer Hydro-Electric Co.*, 81 N.Y. 2d, 494, 501-02 (1993)(stating that § 241(6) provides requires owners to "to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor.").  Similar to the duty imposed by § 240(1), the duty provided by § 241(6) is non-delegable. *Ross*, 81 N.Y.2d at 502.  However, § 241(6) creates liability, which unlike liability under § 240(1) is subject to a comparative negligence defense.  *Joblon v. Solow*, 152 F.3d 55, 57 (2d Cir. 1998); *see also Ross*, 81 N.Y.2d at 501-02.  Moreover, unlike a breach of a duty imposed by § 240(1), a breach of a duty imposed by a regulation promulgated under § 241(6) is merely some evidence of negligence.  *Ross*, 81 N.Y.2d at 502 n.4.

Plaintiff asserts that the failure to provide safety equipment was in violation of 12 N.Y.C.R.R. §23-1.24.  Defendant's motion for summary judgment on this claim is based on speculation that plaintiff and his brother might be lying with regards to what equipment was provided to the plaintiff, and evidence that plaintiff was seen using safety equipment on a different job site on a different day.  This evidence is hardly sufficient to grant summary judgment for the defendant given that plaintiff testified that defendant did in fact fail to provide such equipment.  To grant defendant's motion for summary judgment, this Court would therefore have to inappropriately weigh plaintiff's credibility

3

on this question.  Since credibility is an issue for the jury, defendant's motion for summary judgment on plaintiff's § 241(6) claim is denied.

### D.  New York Labor Law § 200/Negligence

Defendant moves for summary judgment on plaintiff's claim under N.Y. Labor Law § 200.  "Section 200 is a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work."[1]  *Violette v. Armonk Assocs., L.P.*, 823 F. Supp. 224, 227 (S.D.N.Y. 1993); *Jock v. Fien*, 80 N.Y.2d 965, 967 (1992). "A plaintiff's claim under Section 200 is subject to all the usual defenses of negligence, comparative fault, contributory negligence by the plaintiff, and negligence and control by the contractor."  *Violette*, 823 F. Supp. at 227.

Section 200 requires that the owner or general contractor "have the authority to control the activity bringing about the injury."  *Pless v. Cleveland Wrecking Co.*, No. 01 Civ. 792, 2006 U.S. Dist. LEXIS 66556, *13 (W.D.N.Y. September 18, 2006); *Comes v. New York State Elec. & Gas Corp.*, 82 N.Y.2d 876, 877 (1993).  Plaintiff points to no evidence in the record indicating that defendant controlled the manner in which plaintiff's work was done – indeed plaintiff does not address the § 200 claim in his opposition papers.  The only evidence in the record suggesting that defendant exercised any control over the performance of Plaintiff's work is the inspections of his work performed by Mr. Lawrence Lane on behalf of Defendant.  Such inspections however, even if they put defendant on notice regarding a risk to Plaintiff, are insufficient to sustain a claim under § 200.  *See Comes*, 82 N.Y.2d at 877 (where defendant exercised no control over the performance of plaintiff's work, inspections done on behalf of defendant which may give rise to notice of unsafe working conditions are insufficient to sustain a claim under § 200).  Indeed, a defendant "can maintain a significant presence at a worksite without incurring § 200 liability" because "[a]n owner or general contractor's retention of general supervisory control, presence at the worksite or authority to enforce general safety standards is insufficient to establish the necessary control for a § 200 claim."  *Wojcik*, 286 F. Supp.2d at 456 (internal quotations omitted); *see also Cooper v. Sonwil Distribution Center, Inc.*, 15 A.D.3d 878, 879, 789 N.Y.S.2d 583 (4th Dep't 2005) ("The daily presence of defendant's construction manager at the work site to check on the progress of the work does not constitute the control or supervision necessary to establish liability under section 200 or for common-law negligence.")(internal quotations omitted). Because there are no material facts in dispute, and because plaintiff has not set forth evidence indicating control by defendant, defendant's motion for summary on Plaintiff's § 200 and negligence claims is granted.

---

[1] Courts generally analyze claims brought under both § 200 and the common law simultaneously. *See Wojcik*, 286 F. Supp.2d at 456 n.15; *Palen v. ITW Mortg. Invs. III, Inc.*, No. 99 Civ. 3850, 2003 U.S. Dist. LEXIS 6543, *15-16 (S.D.N.Y. April 17, 2003).

### E. Lost Wages

Defendant moves for summary judgment on the issue of lost wages. Defendant asserts that under New York law pursuant to the Immigration Reform and Control Act of 1986, plaintiff is not entitled to lost wages because he is an illegal alien, and is only entitled to wages that would have been available to him in his home country. Defendant further asserts that there is no record of wages available to plaintiff in his native Brazil, and therefore summary judgment on lost wages is appropriate. In response, plaintiff moves to re-open discovery on the issue of wages available to Plaintiff in Brazil should the court decide in favor of defendant on this issue.

The New York Court of Appeals recently rejected Defendant's argument, and held that under New York law lost wages are available to illegal aliens. *See Balbuena v. IDR Realty LLC*, 6 N.Y.3d 338 (2006). *See also Affordable Hous. Found.*, 469 F.3d at 254 (holding the that the ICRA does not preempt the availability of lost wages). Defendant's motion for summary judgment on this issue is therefore denied.

### F. Motion to Re-Open Discovery

Because Defendant's motion for summary judgment on lost wages is denied, it is unnecessary to re-open discovery on the issue of wages available to Plaintiff in Brazil.

### III. Conclusion

For the reasons stated below:

1. Plaintiff's motion for summary judgment is granted with respect to his claim under N.Y. Labor Law §240(1).
2. Defendant's motion for summary judgment is denied with respect to plaintiff's claim under N.Y. Labor Law § 241(6).
3. Defendant's motion for summary judgment is granted with respect to plaintiff's claims under N.Y. Labor Law § 200 and negligence.
4. Defendant's motion for summary judgment on the availability of lost wages is denied.
5. Plaintiff's motion to re-open discovery is denied as moot.

*It is so ordered.*

Dated: White Plains, New York
       , 2007

                     Stephen C. Robinson, U.S.D.J.